## No. 14,191.

### ESTATE OF SABIN.

### REORGANIZED CATLIN CONSOLIDATED CANAL COMPANY ET AL.
### *v.* SABIN.
(80 P. [2d] 950)

Decided March 7, 1938. On petition for rehearing opinion amplified and rehearing denied June 20, 1938.

Mr. A. W. McHENDRIE, Miss VENA POINTER, for plaintiffs in error.

Mr. MATT J. KOCHEVAR, Messrs. LANGDON & BARBRICK, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

FRED A. Sabin died on October 23, 1931, leaving a will that was duly admitted to probate in the county court of Pueblo county. No question is before us concerning the validity or effect of the will. The controversy is over a claim presented by the testator's widow, Zora Sabin, as creditor. The allowance of this claim without any deduction comes before us for review.

The Reorganized Catlin Consolidated Canal Company, a creditor, and Vena Pointer, who claims interests both as a creditor and as a legatee, contend as plaintiffs in error that the county court erred by allowing the claim and by not deducting various items alleged to be proper charges against the claimant.

The defendant in error's verified claim for $5,483.59 is proved by the authenticated books of original entries belonging to the testator, as well as by testimony of Mrs. Kearns as to what the testator said concerning those entries, and by other unquestioned evidence. Statements against interest thus clearly establish the affirmative claim.

Objections had been made to the claim on May 27, 1932, by Charles E. Sabin as guardian of Mary Jane Sabin, a minor, "by reason of the fact that said estate has a claim against the said Zora Sabin in the sum of $6,443.89, made up of the following items." Then follow items of expense for "addition and repairs to house * * * owned by Zora Sabin" ($1,870.57) and "repairs and improvements to residence * * * repaired at the instance and request of Zora Sabin" ($1,485.42) and "sums of money paid by deceased upon the request of Zora Sabin for the use and benefit of her son Walter Hoag" ($755.15) and "payment to Burgess Collection Bureau upon the account owed by Zora Sabin, which payment was made at her request" ($100) and "payment to D. D. Hoag at request of Zora Sabin" ($100) and "payment on DeSoto automobile owned by Zora Sabin which payment was made at her special instance and request" ($372.18) and "on account of various items of expense incurred by deceased at special instance and request of Zora Sabin in connection with house * * * owned by Zora. Sabin" ($173.07) and "on account of furniture, carpets, drapes and other like articles purchased by deceased at special instance and request of Zora Sabin" ($1,587.50).

Guardian Sabin, who filed the aforesaid objections, does not appear in this court.

The plaintiff in error Vena Pointer on March 21, 1936, had objected to Zora's claim on the ground that she "has examined the files and proceedings in this matter thoroughly and is convinced that the above mentioned claim of Zora Sabin is not a valid and just claim against the estate."

The plaintiff in error Reorganized Catlin Consolidated Canal Company on April 29, 1936, had objected on the ground that Zora's claim "is not a valid and just claim against the Estate," and that "this claimant is informed and believes, and upon such information and belief alleges the fact to be, that the said Zora Sabin is indebted to said estate, and said estate has a claim against the said Zora Sabin in excess of the amount of the claim filed by the said Zora Sabin herein."

It is apparent that the company's objections are based upon the contention that Zora owed the estate more than the estate owed her.

A "discreet person" was duly appointed by the county court to defend against Zora's claim.

Neither the "discreet person" nor any of the objectors nor anybody else introduced any legal evidence in support of the indebtedness or claim alleged to exist in favor of the estate. There was, to be sure, evidence that the testator had directed the witness Kearns to prepare for his inspection and approval a list of alleged charges to be made against Zora, but the charges were never made and a tentative list which Mrs. Kearns prepared was never passed upon by the testator, nor is there any evidence that Zora knew about the items or assumed liability therefor. Mrs. Kearns disclaimed all knowledge as to the merits of the items. Of course, if the hearsay had been followed up by regular entries in the books, those entries would under our statute ('35 C. S. A., c. 177, §3) have constituted prima facie evidence against Zora. No such entries or charges were made,

and the prima facie proof is therefore wholly lacking. Had such prima facie proof been made, Zora would possibly have been unable to overcome that proof, at least by her own testimony, in view of the statutory silence imposed upon witnesses who are adverse parties in an estate matter. Such, however, is not the situation here presented.

The record contains sufficient competent evidence to justify the court below in entering findings and judgment in the claimant's favor. It was for the trial court to consider all the evidence. As the lawful fact-finding tribunal it came to conclusions represented by the allowance of the full amount of Mrs. Sabin's claim. By those conclusions this court is bound.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.